UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Reginald Stanley

           Plaintiff,

vs.

THE CITY OF NEW YORK,
POLICE OFFICER CELY BATISTA
POLICE OFFICER JOHN DOE

           Defendants
------------------------------------------------------------X

**COMPLAINT/ JURY DEMAND**



JUDGE McMAHON

07 CV 11396

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants committed an unwarranted search and seizure on plaintiff. Defendants deprived plaintiff of his constitutional and common law rights when they caused the unjustifiable arrest of plaintiff, and unlawfully confined plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiff, Reginald Stanley, is forty-five years of age. The plaintiff is a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

6. At all times relevant hereto, Police Officer Cely Batista, shield #28092 was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Police Officer Batista is being sued herein in her individual capacity.

7. At all times relevant hereto, Police Officer John Doe was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of his employment as such. Police Officer Doe is being sued herein in his individual capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the

power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

10. On April 17, 2007, plaintiff resided at 141 Lennox Road, Brooklyn, NY 11226

11. On April 17, 2007 at approximately 3:48 p.m., plaintiff was in the 34th Street and 6th Avenue subway station, in the County of New York and State of New York.

12. After Mr. Stanley had lawfully paid his fare and passed through the turn style, he was stopped by the Officer Defendants.

13. The Officer Defendants proceeded to search Mr. Stanley's person as well as his wallet.

14. The Officer Defendants informed Mr. Stanley that he was under arrest because he gained entry to the subway by using a Metro Card only authorized for use by students.

15. Mr. Stanley had not used a Student Metro Card to gain entrance to the subway, and in fact had several Metro Cards on his person.

16. Mr. Stanley was arrested and detained for approximately four days before he was able to raise the bail money necessary for his release.

17. Mr. Stanley was charged with Theft of Services and Criminal Trespass in the Third Degree in New York County under docket 2007NY030023.

18. After several court appearances, the case against Mr. Stanley was resolved in the plaintiff's favor prior to trial when the matter was dismissed and sealed.

19. On information and belief, Student Metro Card allegedly used by Mr. Stanley was tested by an employee at the New York Transit Authority, who determined that the Metro Card had been deactivated on April 13, 2007 and had not been used on the date in question to grant Mr. Stanley access to the subway.

20. The arrest and search of plaintiff was made without reasonable or probable cause.

27. Plaintiff suffered humiliation, fear and psychological trauma as a direct result of the arrest and search by the Officer Defendants.

28. As a direct and proximate result of this assault, search and unlawful arrest, plaintiff experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

29. For two of his days in detention, Plaintiff was unable to take his daily prescribed medication necessary to treat his chronic illness.

## FIRST CAUSE OF ACTION

## 42U.S.C. § 1983 – False Arrest

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

33. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

34. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 – ILLEGAL SEARCH

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. By conducting a search of plaintiff without probable cause and/or failing to prevent other officers from doing so, the Officer Defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth Amendment of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

38. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

39. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

40. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth Amendment to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION
42 U.S.C. ' 1983 B Malicious Prosecution
(Against the Officer Defendants)

42.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43.     The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with Theft of Services and Criminal Trespass.

44.     The Officer Defendants charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

45. After proceedings were initiated in Criminal Court in New York County in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

46.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
**Municipal Liability Claim Against the City of New York
For Failure to Properly Hire, Train, Supervise and Discipline Employees**

47.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48.     Individual Defendants' unlawful arrest, and detention without probable cause

comprised a violation of plaintiff's civil right to be free of such actions under the Fourth Amendment to the Constitution.

49. Individual Defendants' unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of defendant, the City of New York through the New York City Police Department.

50. Upon information and belief, Defendant City of New York failed to discipline the Officer Defendants for their unlawful seizure and confinement of plaintiff.

51. Under this custom, usage, practice or policy, The City of New York:

   (a)   encouraged and/or condoned the unlawful arrest and detention without probable cause;

   (b)   encouraged and/or condoned the practice of detaining individuals without probable cause and falsely accusing and arresting individuals;

   (c)   failed to adequately screen applicants to the New York City Police Department;

   (c)   failed to investigate the false arrest and unlawful detentions by the New York City Police Department;

## JURY DEMAND

52. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Police Officer Batista, Police

Officer Doe and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:    December 10, 2007
               New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
145 Hudson St., Suite 5C
New York, New York 10013

(212) 966-3761