

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

REGINALD STANLEY,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER CELY
BATISTA, POLICE OFFICER JOHN DOE,

                         Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF CITY OF
NEW YORK AND POLICE
OFFICER BATISTA**

07 CV 11396 (CM)(KNF)

Jury Trial Demanded

        Defendants, City of New York and New York City Police Officer Cely Batista, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

            1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

            2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein and purports to invoke the Court's jurisdiction as stated therein.

            3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

            4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

            5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      That the allegations set forth in paragraph "6" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required, except admit that Cely Batista is employed by the City of New York as a police officer and that plaintiff purports to bring this action as stated therein.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint concerning unidentified officers.

8.      That the allegations set forth in paragraph "8" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Admit that on or about April 17, 2007, plaintiff was arrested at approximately 3:48 p.m. in or near the subway station located at 34th Street and 6th Avenue in the County and State of New York.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as so the truth of the allegations concerning unidentified officers.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint except admit that plaintiff was arrested for using a student MetroCard.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff had other MetroCards on his person.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was arrested.

17.    Admit the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that docket number 2007NY030023 was dismissed and sealed.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

27[*sic*]. Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    That the allegations set forth in paragraph "32" of the complaint

constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    That the allegations set forth in paragraph "38" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint, except admit, upon information and belief, that the charges against plaintiff were dismissed.

- 4 -

46.    Deny the allegations set forth in paragraph "46" of the complaint

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" and its subparts of the complaint.

52.    Paragraph "52" of the complaint demands a trial by jury to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54.    Defendants City of New York and Officer Batista have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the defendants City of New York and Officer Batista.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56.    At all times relevant to the acts alleged in the complaint, defendants City

of New York, Officer Batista, and theirs agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57.    Punitive damages cannot be recovered from defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

58.    Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

59.    Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

60.    Plaintiff may not have complied with the conditions precedent to bringing this action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

61.    There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

62.    Officer Batista has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Officer Batista request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
  March 27, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel
          of the City of New York
          Attorney for Defendants City of New York
          and Officer Batista
          100 Church Street, Room 6-307
          New York, New York 10007
          (212) 788-6405

    By:  _Meghan Cavalieri_
       Meghan A. Cavalieri (MC 6758)
       Assistant Corporation Counsel
       Special Federal Litigation Division

TO:  <u>Via ECF and FAX</u>
   Richard Reyes, Esq.
   Barnum & Reyes, P.C.
   Attorneys for Plaintiff
   145 Hudson St., Suite 5C
   New York, NY 10013

07 CV 11396 (CM)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD STANLEY,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
CELY BATISTA, POLICE OFFICER JOHN
DOE,

                                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
THE CITY OF NEW YORK AND OFFICER
BATISTA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York and*
*Officer Batista*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................., 2008*

*..................................................................... Esq.*

*Attorney for.............................................................*